UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RONDEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01047-WTL-TAB |
| | ) | |
| TERRY R. CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting *In Forma Pauperis* Motion, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [3], is **granted.** An initial partial filing fee of ten dollars and forty-three cents ($10.43) is assessed and shall be paid to the clerk **not later than May 8, 2017.** Notwithstanding this ruling, the plaintiff still owes the entire $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). A collection order may issue.

**II. Screening of Complaint**

Plaintiff Christopher Rondeau is a prisoner confined at the Pendleton Correctional Facility in Indiana. He brings this civil rights complaint against Terry R. Curry, the prosecuting attorney of Marion County, Indiana. Plaintiff alleges Curry violated his constitutional rights by **not** prosecuting for perjury a police detective who testified against plaintiff at plaintiff's 2010 murder trial. He contends the police detective testified in a jury trial that plaintiff had just one injury from

an altercation, when in fact plaintiff had at least two other injuries. Plaintiff was convicted of murder and his convictions were affirmed on appeal. Plaintiff submitted a request to Curry to prosecute the detective for perjury. Curry's office responded in a letter dated February 28, 2017, to plaintiff that "no additional investigation is warranted." Plaintiff commenced this civil rights action against Curry for that decision, seeking $750,000 in damages.

Petitioner's complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs the Court to dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Curry, as a prosecuting attorney, has absolute immunity from suit. The United States Supreme Court, in *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427; *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions **and decisions** undertaken in furtherance of his prosecutorial duties.") (emphasis added). A decision to not prosecute a person and/or charge is a decision taken in furtherance of prosecutorial duties. Accordingly, the claim asserted against Curry is **dismissed for failure to state a claim upon which relief can be granted.**

Plaintiff's pro se complaint cannot be liberally construed as seeking other relief, such as an attack on his underlying conviction. The complaint is very clear that its focus is entirely on the prosecutor's decision to not file charges against the police detective for perjury. Moreover, however, plaintiff has already sough habeas corpus relief for his murder conviction. *See Rondeau v. Zatecky*, No. 1:16-cv-00762-WTL-DKL (S.D. Ind.), final judgment entered August 2, 2016.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Plaintiff's complaint contained a single claim against Curry. Therefore, for the above reasons, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### III. Show Cause

Plaintiff shall have **through May 8, 2017,** in which to either show cause why judgment consistent with this Entry should not issue or to identify a viable claim that was not considered by the Court in this Entry. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If plaintiff fails to show cause or seek leave to amend by May 8, 2017, this action will be dismissed for failure to state a claim upon which relief can be granted without further notice.

**IT IS SO ORDERED.**

Date: 4/6/17

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Rondeau, #198058
Pendleton - CF
Pendleton Correctional Facility
Electronic Service Participant – Court Only