UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER RONDEAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01047-WTL-TAB ) |
| TERRY R. CURRY, | ) ) |
| Defendant. | ) ) |

**Entry Dismissing Amended Statement of Claim,
Denying Motion to Set Aside Judgment,
Dismissing Action, and Directing Entry of Judgment**

Plaintiff commenced this 42 U.S.C. § 1983 action on April 3, 2017, against Terry Curry, the Marion County Prosecuting Attorney, for Curry's decision not to prosecute for perjury one of the witnesses who testified against plaintiff at plaintiff's state court criminal trial. In screening the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the complaint finding Curry had prosecutorial immunity for all decisions concerning the prosecutorial function. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). The Court allowed plaintiff through May 18, 2017, to show cause why the action should not be dismissed or to file an amended complaint that stated a claim upon which relief may be granted.

Plaintiff has responded with two filings, (1) an "amended statement of claim," and (2) a motion to set aside judgment, both filed May 12, 2017.

**I. Amended Statement of Claim**

The amended statement of claim, which is in effect an amended complaint, names the original defendant Terry Curry, and adds defendants Carl Brizzi, Stephanie Wade, Noah Schafer, and Clarke Campbell. All four of the added defendants are current or former Marion County

1

prosecutors. All of the allegations against all of the defendants concern their involvement with the state prosecution of plaintiff in *State of Indiana v. Christopher Rondeau*, Case No. 49G01-0904-MR-038670, a murder case tried in Marion County, Indiana.

Plaintiff has now reframed his complaint to add to his original claim allegations that the prosecutors presented a fraudulent representation of the facts to his jury and unconstitutionally withheld information from the state trial court and the state post-conviction court. He also generally adds the four additional defendants to the original claim for not prosecuting a trial witness for perjury. As to the trial-related claims, plaintiff's allegations concern the presentation of evidence, evidence that was not used, and the way arguments were made. Plaintiff extrapolates the prosecutors' selective use of evidence into a fraud-upon-the-court argument, and contends this fraud continued through the post-conviction trial and appellate stages of his state conviction.

Finally, plaintiff takes issue with this Court's finding that a prosecutor has immunity for prosecutorial actions and decisions. He contends that their actions, because they were fraudulent and because they unconstitutionally suppressed evidence, remove the prosecutors' immunity and make them liable in civil rights actions.

Plaintiff seeks compensatory and punitive damages against the five prosecutors. He also seeks to have the criminal judgment against him set aside pursuant to Fed. R. Civ. P. 60(d)(3).

## II. Motion to Set Aside Judgment

Plaintiff's Motion to Set Aside Judgment pursuant to *Fed. R. Civ. P.* 60(d)(3) attacks the judgment of the Marion County criminal court, case number 49G01-0904-MR-038670, on the grounds of "fraud upon the court." Plaintiff's motion has no argument section, and is supported solely by exhibits to the state trial record. It is a collateral attack on the validity of plaintiff's state court criminal conviction.

### III. Analysis

A.         Amended Statement of Claim.

Plaintiff continues to assert his claims against the state prosecutors for their prosecutorial actions and conduct in his state criminal trial. With the exception of his original claim against the elected prosecuting attorney, Terry Curry, for not commencing perjury charges against one of the police officers who testified against plaintiff at trial, the new claims are lumped together against the four additional prosecutors for their trial decisions, tactics, and strategies. Plaintiff is particularly concerned about a police officer's characterization of plaintiff's injuries, which he calls perjury, about prosecutors not using all of the evidence at their disposal, which he calls fraud, and for allegedly not turning over all of the evidence to his defense, which he correctly identifies as a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83 (1963).

It is clear that plaintiff is attempting another attack on his state conviction, as the relief he seeks in his complaint is not only monetary damages but also relief from the state judgment. To drive that point home, he filed the above-referenced motion for relief from judgment pursuant to *Fed. R. Civ. P.* 60(d)(3). *See* discussion, part III.B., *infra*. Notwithstanding the fact that all five of the named defendants are or were state prosecutors or deputy prosecutors and continue to have absolute immunity from suit for their prosecutorial actions, s*ee Imbler,* 424 U.S. at 431 (1976), and *Fields*, 672 F.3d at 510, because it is now clear plaintiff's civil rights action is another attempt to collaterally attack plaintiff's state court conviction, the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* instructs:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,

3

> 28 U.S.C. § 2254. **A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983**. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (internal footnotes omitted) (emphasis added).

This Court finds that, again notwithstanding the prosecuting attorneys' absolute immunity, that a judgment in this case would necessarily call into question the validity of plaintiff's state court conviction. Plaintiff's conviction was upheld on state direct appeal. *Rondeau v. State*, No. 49A02–1006–CR–694, slip op. at 2–5, 2011 WL 977075 (Ind. Ct. App. Mar. 21, 2011). The state supreme court denied transfer on May 12, 2011. Plaintiff's efforts at state post-conviction relief were unsuccessful, and relief was denied. *Rondeau v. State*, 48 N.E.3d 907 (Ind. Ct. App. 2016). The state supreme court denied transfer on March 17, 2016. Plaintiff sought habeas corpus relief in federal court, but relief was denied. *Rondeau v. Zatecky,* No. 1:16-cv-0762-WTL-DKL, 2016 WL 4088720 (S.D. Ind. 2016). Because plaintiff cannot demonstrate that his conviction has been invalidated, and a judgment in this action would call the conviction into question, *Heck* requires this action be dismissed.

Alternatively, if relief in this case would not call into question the validity of plaintiff's state court conviction, the named defendants still cannot be sued because they have prosecutorial immunity. This action would be dismissed on that ground if *Heck* did not apply.

B.     Motion for Relief From Judgment

Plaintiff's motion for relief from judgment is brought under *Fed. R. Civ. P.* 60(d)(3). Unfortunately for plaintiff, this is a federal civil rule completely inapplicable to state court

judgments. The Federal Rules of Civil Procedure have no applicability to state court cases, and cannot be used to set aside a state court criminal judgment. *See Fed. R. Civ. P*. 1 ("[the federal rules of civil procedure] govern the procedure in all civil actions and proceedings in the United States district courts"); *see also Weems v. Oregon University System,* 2012 WL 4093539 (D. Ore. Sept. 17, 2012). But moreover, a motion under Rule 60(d) that attacks a state court's judgment of conviction is properly construed as a petition for habeas corpus under 28 U.S.C. § 2254. *Thompkins v. Berghuis*, 509 F. App'x 517 (6th Cir. 2013). Plaintiff cannot bring a second habeas corpus petition in this Court without prior authorization from the Seventh Circuit Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). He does not have that authorization.

### IV. Conclusion

For the reasons explained above, the amended statement of claim, dkt. [10], is **dismissed** for failure to state a claim upon which relief may be granted. The motion to set aside judgment, dkt. [11], is **denied**. As plaintiff has failed to show cause why this action should not be dismissed in its entirety, the action is now **dismissed with prejudice**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 5/16/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Distribution:

Christopher Rondeau, #198058
Pendleton - CF
Pendleton Correctional Facility
Electronic Service Participant – Court Only